Shawn Jacobs
W.N.M.C.F.
P.O. Drawer 250
Grants, N.M. 87020

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 10 2016

**MATTHEW J. DYKMAN
CLERK**

United States District Court
For The District Of New Mexico

Shawn Jacobs,
Barry Holloway,
Danny Coates,
Vernard Miles,
and all others similarly situated.

Plaintiffs

V.

Susana Martinez, Governor,
Gregg Marcantel, Secretary of Corrections,
Jerry Roark, Director of Corrections.

Defendants

Case No. 16 CV 174 MCA-GJF

Civil Rights Complaint
Pursuant To 42 U.S.C. § 1983

Preliminary Statement

1

1. This Complaint is a Class action brought by the Plaintiffs on behalf of all prisoners who are presently, or will be, confined in the New Mexico Department of Corrections. Plaintiffs contend that the totality of the conditions in the New Mexico Department of Corrections (here in after referred to as "N.M.D.C.") fall beneath standards of human decency, inflict needless suffering on prisoners and create an environment which threatens prisoner's mental and physical well-being, and results in the physical and mental deterioration and debilitation of the persons confined therein which is both unnecessary and penologically unjustifiable.

2. Plaintiffs ask this Court, after hearing the evidence on the allegations in this complaint, to declare that the totality of conditions and certain specific conditions presently existing in the N.M.D.C. are unconstitutional under the Constitutions of the United States and New Mexico and further are in violation of certain statutes of the United States and New Mexico. Consequently the Plaintiffs ask that the Defendants, and each of them, be permanently enjoined from operating and administering the N.M.D.C., and all facilities under there control to which the Class Members may be assigned, except in compliance with acceptable constitutional and statutory standards as are established by the court.

## Jurisdiction and Venue

3. The first claim for relief is filed under 42 U.S.C. sec. 1983 to redress injuries suffered by Plaintiffs and the Class they represent for deprivation under color of state law of rights secured by First, Sixth, Eighth, Ninth, and Fourteenth amendments. Accordingly, This Court has jurisdiction over the first claims pursuant to 28 U.S.C. sec 1331, 1343(3)

4. Plaintiff's First, second and third claims for relief are derived from common nuclei of operative facts involving substantially identical issues of fact and law,

such that the entire action constitutes a single case which would ordinarily be judicial economy, convenience and fairness, and in order to avoid unnecessary duplication and multiplicity of actions, this Court's jurisdiction over the second and third claims, which are based in part upon state law, is pendent to the Court's jurisdiction over the first claim.

5. Venue is proper in this Court

## Parties

6. Each of the Named Plaintiffs is presently a prisoner incarcerated in the N.M.D.C at Western New Mexico Correctional Facility in Grants, New Mexico. The Named Plaintiffs are: Shaun Jacobs, Barry Holloway, Donny Coates, and Vernard Miles, and all similarly situated within the State of New Mexico file Pro Se.

7. Defendant Susana Martinez is the Governor of the State of New Mexico. She appoints the Secretary of Corrections and consents to the appointment of the Director of Corrections. She approves any action by the Secretary to apply for and receive funds. She either sits on the State's Criminal Justice Coordinating Council or designates a representative to do so.

8. Defendant Gregg Marcantel is the Secretary of Corrections. It is his duty to manage all operations of the department and to administer and enforce the laws with which he or the department is charged.

9. Defendant Jerry Roark is the Director of Corrections and his numerous duties are set out N.M.S.A. 42-9-6. (effective March 31, 1978).

## Class Action Allegations

10. This is a class action brought pursuant to Rule 23(a) and 23(b)(1),(2) of the Federal Rules of Civil Procedure. Plaintiffs are representative parties of the Class which is composed of all persons presently confined in the N.M.D.C. or who may be so confined in the future. Plaintiffs are members of the Class and their claims are typical of the Claims of all class members Plaintiffs are requesting appointment of competent counsel that will fairly and adequately protect the interests of the Class. The Class is so numerous that joinder of all members is impracticable. The questions of law and facts presented by the Plaintiffs are common to the class. The Defendants have acted and refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and declaratory relief with respect to the Class as a whole.

## Factual Allegations

11. The Totality of the Conditions of confinement in the N.M.D.C. Violates the constitutional and statutory rights of the Plaintiffs and has caused and is causing persons incarcerated therein irreparable harm.

12. The N.M.D.C. living quarters are unfit for human habitation from the standpoint of health and sanitation. Mice, roaches, spiders, and other vermin are commonplace. Most mattresses need to be replaced. They are cracked and ripped open. In this condition they are not sanitary. There is no routine basis on checking mattresses to replace or to be cleaned. Inadequate lighting from burned out lights throughout the cells is physically and mentally harmful to the prisoners.

4

13. The food service facilities in N.M.D.C. do not meet minimal public health and sanitation standards. Proper methods are not used in preparing and handling the food served to prisoners. The food served is nutritionally inadequate.

14. The N.M.D.C. is severely understaffed in professional, educational and security personnel. This understaffing contributes to the inability of the N.M.D.C. to meet minimal constitutional standards as are described in this complaint. The staff that is available is inadequately trained.

15. The classification of persons incarcerated in the N.M.D.C. so that rehabilitation may take place is required by New Mexico Law. Nonetheless, prisoners are not effectively classified according to their educational, vocational or health needs. Most prisoners are assigned based solely upon where space is available. Therefore, many prisoners are housed in more restrictive settings than security considerations require which is contrary to the needs of the corrections system and the prisoners and contributes to the physical and mental deterioration of many of the prisoners. Even if the prisoners were appropriately classified, there are insufficient programs and opportunities for them at the prison. Many of the problems in the N.M.D.C., including the high levels of tension, anxiety, idleness, and violence, result from, or are contributed to, by the lack of a meaningful or effective classification system.

16. Idleness is the hallmark of the N.M.D.C. Most prisoners are not engaged in any regular meaningful industrial or institutional employment, training, or other constructive activity. Neither are there adequate basic, vocational or other educational programs to meet the needs of those incarcerated who desire to participate in meaningful educational training. The forced idleness contributes to a deterioration of whatever work habits and skills the prisoners may have possessed when they entered prison. Those prisoners with meaningful

5

Jobs are not being given pay raises following Labor Compensation Policys. Labor Compensation policys have not been adjusted for cost of living increase, to help prisoners with cost of hygiene items on canteen. Infact are making it necessary for prisoners family to support the prisoner, this is detrimental to the prisoners family. Instead of teaching the prisoner self-reliance.

17. Recreational opportunities are inadequate. Recreational areas, facilities, equipment, programs and staff are insufficient, thereby increasing idleness, tension and violence at the prison and contributing to the physical and mental deterioration and debilitation of those incarcerated there.

18. Visitation in the N.M.D.C. is so restricted because of insufficient staff to be either non-existent for many prisoners or meaningless to others. The lack of a reasonable visitation policy or failure to follow policy in the N.M.D.C. contributes to tension, anxiety and frustration, destroys ties with families and friends and contributes to mental deterioration and dehabilitation without any penological justification.

19. Correspondence policies in the N.M.D.C. are also extremely restrictive, go beyond any legitimate penological rational, and do not further any governmental interest of security, order or rehabilitation. Once again, prisoners abilities to maintain meaningful contact with the outside world are lessened. Further, the correspondence rules are illegally, arbitrarily and irrationally drawn and are discriminatorily applied. If a prisoners family sends him a birthday or Christmas card it is rejected because of Glitter. No Photos or Magazines N.M.D.C. designate lustful. Even though there is a 9th Circuit Court case that states "Hustler Magazine is a literary importance and must be allowed in prisons"

20. Medical and dental care and treatment is totally inadequate in N.M.D.C. and

constitutes deliberate indifference to prisoners serious medical needs. Prisoners suffering from emotional and physical disabilities do not receive the special attention and treatment they require. Neither do the mentally retarded or aged and infirm receive adequate care.

21. Access to legal books and resources do not meet constitutional and other legal standards. In addition, law books and other legal materials are grossly insufficient. Attorney Client mail is often illegally inspected and read outside the presence of the prisoner. Out going Legal mail does not make it out/or to the Court. In Western New Mexico Correctional Facility If the prisoner requests a Petition For Writ Of Certiorari from the Legal Access officer, the prisoner receives Form 4-830. Writ of Certiorari (This is a Judges Order not a Petition).

22. Fundamental Tenets of due process are not following Grievance proceedings. Staff regularly dispose of informal complaints, So prisoners can not file Formal Grievances, and have no regress to resolve there complaints.

23. Fundamental Tenets of due process are not following disciplinary proceeding in the N.M.D.C. with unspoken orders to find every prisoner with a disciplinary report guilty even if evidence does not support the report.

24. Retaliation and theft is standard operation procedure in the N.M.D.C., Prisoners challenge the N.M.D.C. on what they are doing wrong. Then N.M.D.C. retaliates and removes privileges and approved prisoner property. theft by staff, When a prisoner goes to segregation or is transfered when the prisoner receives his property back some of it is gone. Staff is stealing it or putting it some place so some one else can steal it. In Transfers there's no recourse, one prison says its the other prison, Stole it, and Vice-Versa.

25. Canteen is out of hand in the N.M.D.C. (Canteen is where prisoners pay for there hygiene and snack foods). The N.M.D.C. has sold the rights to canteen sales to a private company that at this time has a monopoly and is charging over extended prices for this canteen. In addition N.M.D.C. is receiving kick back's from this company for this right. Prison Policy stated that the N.M.D.C. was not allowed to receive over a ten percent mark up on the price. This private company is receiving 75% to 100% mark up on some items, and even more on others.

26. Hygiene items. The N.M.D.C. use to give out adequate amounts of necessary personal hygiene items. Soap, Razors, Deodorant, Shampoo, Toothpaste, Toothbrush, 2 Envelopes, Writing paper, 2 Rolls of Toilet Paper and Tobacco. At this time the N.M.D.C. only gives out 2 Rolls of Toilet paper, this is in no way adequate amounts of necessary personal hygiene items.

27. The N.M.D.C. is not following the Court ordered Judgment and Sentence for prisoners sentenced to Life imprisonment. If the Plaintiffs have any consecutive charges the N.M.D.C. is infact stating the Plaintiffs must serve there consecutive charges before the Life Sentence. In addition there is Policy in N.M.D.C. that states "If there is an error in a Judgment and Sentence the records officer must contact the court for an amended Judgment and Sentence, If the Court does not amend then the N.M.D.C. Must leave it as is." For example Life + 20 years is not 20 years then Life. All Court orders must be followed, If not amended.

28. The N.M.D.C. and the Governor has stacked the parole board with bias Members that are against releasing plaintiff members from prison on parole that are serving Life sentences. N.M.S.A. sec. 31-21-10 "A sentence of life imprisonment means that the plaintiff shall serve thirty years of his sentence before he becomes eligible for a parole hearing". One unnamed plaintiff went to parole board. This Plaintiff has a consecutive life sentence to do. Parole board is using the same factors that

The Court used to make the case first degree. They are not using his prison history. The Plaintiffs see this as double jeopardy to increase there time in prison. There are Numerous news articles of the Governor firing Member Mary Thompson from the parole board for not being bias. Thompson stated in an article that she understands the "Throw away the Key" attitude "But that's not the Law." In the same article there is also a statement from a parole board member Sandra Diety stated "If you're convicted of life imprisonment, I think it means natural life. I think 'Life' means life." She has never voted for parole. Diety is steeped in the prosecution and victims' side of the justice system. She makes no apologies for her bias. Therefore this court should order that the parole board members must be unbias and take in account all facts before granting or denying a plaintiffs parole.

29.  There are Policys in the N.M.D.C. some are inadequate and others are not, on most of these issues that staff do not follow, and the Defendants do not inforce.

<u>First Claim For Relief</u>

30.  Paragraphs 1-29 above are incorporated herein.

31.  The totality of the conditions in the N.M.D.C. violates the rights of persons incarcerated therein under the Eighth and Fourteenth Amendments to the United States Constitution. These conditions also violate the prisoners rights to freedom of religion, expression and association, access to the Courts, family integrity, privacy, equal protection and due process of law guaranteed by the First, Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments to the United States Constitution

<u>Second Claim For Relief</u>

9

32. Paragraphs 1-29 above are incorporated herein by reference.

33. The totality of conditions in the N.M.D.C. which makes rehabilitation by prisoners impossible and causes the unnecessary deterioration of them violates the cruel and unusual punishment clause of the New Mexico Constitution, Article II, sec. 13. These conditions and practices as described also violate the prisoner's rights to freedom of speech, religion, equal protection, due process and other rights guaranteed by Article II, sec. 11, 17, and 18, of the New Mexico Constitution.

### Third Claim For Relief

34. Paragraphs 1-29 above are incorporated herein by reference.

35. Defendants have failed to exercise their duties to operate the N.M.D.C. in accord with Article II, sec. 4 of the New Mexico Constitution and N.M.S.A. 42-1-38, 42-1-1.1, 42-1-31.2, 42-9-6 (g) and 42-9-6 (h).

### Prayer For Relief

Wherefore, Premises Considered, the Plaintiffs request that this Court do as follows:

1. Certify this action as a class action pursuant to Rule 23, F.R.C.P. with the named Plaintiffs representing a class of all persons presently incarcerated by the N.M.D.C. or who may be in the future.

2. Enter a declaratory judgment declaring that the totality of conditions and

practices of the N.M.D.C. as well as certain specific aspects thereof, violate the rights of the Plaintiffs and members of their class under state and Federal constitutional and statutory standards as are specified in this complaint.

3. Enter a permanent injunction to the Defendants and each of them enjoining them from continuing to incarcerate persons in the N.M.D.C. and all other facilities unless and until the conditions and practices in the N.M.D.C. and all other facilities are brought into compliance with constitutional and statutory standards as specified by this court.

4. Require the Defendants to pay the costs of this action, including a reasonable attorneys fee for appointed counsel for the Plaintiffs pursuant to 42 U.S.C. sec. 1988

5. Grant such other and further relief as is proper.

6. At the appropriate time, if the court desires, Plaintiffs appointed counsel will submit reasonable policy change requirements.

### Previous Class Action

7. The Plaintiffs have had another class action on the predecessors of the Defendants on the same issues and where successful at that time.

Duran V. King    Civil No. 77-0721-KG/KK

The issues in this action are no longer covered in the Duran Consent Decree removed between 1999 and 2001.

Attorneys for the Plaintiffs where Peter Cubra & Mark Donatelli

Respectfully Submitted

_____          _____
Shawn Jacobs                                                      Barry Holloway

_____          _____
Danny Coates                                                       Vernard Miles

All listed Plaintiffs are at the same address at the time of filing of this Action

W.N.M.C.F.

P.O. Drawer 250

Grants, N.M. 87020

### Declaration Under Penalty of Perjury

The undersigned declare under penalty of perjury that they are the Plaintiffs listed in this above action, that they have read the above complaint and that the information contained therein is true and correct. 28 U.S.C. 1746, 18 U.S.C. 1621

Executed in N.M.D.C. at W.N.M.C.F. on March 02, 2016

_____          _____
Shawn Jacobs                                                      Barry Holloway

_____          _____
Danny Coates                                                       Vernard Miles

12

Shawn L. Meeks #46024
W.N.M.C.F. 6-Q-115
P.O. Drawer 250
Grants, N.M. 87020

7014 2120 0004 1791 5552

United States District Court
District of New Mexico
Office of The Clerk
333 Lomas Blvd., N.W.
Suite 270
Albuq, N.M. 87102

RECEIVED
At Albuquerque NM
MAR 1 0 2016
MATTHEW J. DYKMAN
CLERK



Hasler
03/08/2016
US POSTAGE
$06.25
ZIP 87020
011D11647580

Hasler
03/08/2016
US POSTAGE
$06.45
ZIP 87020
011D11647580
PRIORITY MAIL

Legal Mail