**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**SHAUN JACOBS, BARRY HALLOWAY,**
**DANNY COATES, and VERNARD MILES,**

    **Plaintiffs,**

v.                                                                                                No. 16-cv-0174 MCA/SMV

**SUSANA MARTINEZ,**
**GREGG MARCANTEL, and JERRY ROARK**

    **Defendants.**

**ORDER DENYING PLAINTIFF JACOBS'**
**MOTION FOR APPOINTMENT OF COUNSEL**

THIS MATTER is before the Court on Plaintiff Jacobs' Motion for Appointment of Counsel [Doc. 3], filed on March 10, 2016. Plaintiff Jacobs is incarcerated and proceeding pro se in this 42 U.S.C. § 1983 action. He filed the lawsuit with three other pro se inmates hoping to get class certification under Rule 23. [Doc. 1]. Although all four men signed the Complaint, only Plaintiff Jacobs signed the Motion for Appointment of Counsel. [Doc. 3] at 2. Plaintiff Jacobs may not submit filings on behalf of anyone but himself. *See Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000) ("[A] litigant may bring his own claims to federal court without counsel, but not the claims of others [because] the competence of a layman is clearly too limited to allow him to risk the rights of others.") (internal quotation marks omitted).

Plaintiff Jacobs alleges that he and his co-Plaintiffs were appointed counsel nearly forty years ago in a previous case called *Duran v. King*, 77-cv-0721 KG/KK (D.N.M.). [Doc. 3]. He alleges that they were ultimately successful in that case. Further, he reports that this lawsuit challenges the adequacy of inmates' "legal access," so he suggests that he is in particular need of

counsel. Finally, he asks that the Court appoint attorneys Peter Cubra and Mark Donatelli as class counsel here because they were the attorneys in the *Duran* case. *Id.*

United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

The Court is not convinced that there is sufficient merit or complexity in Plaintiff Jacobs' claims to warrant requesting the voluntary assistance of counsel at this time. Moreover, thus far, Plaintiff has been adequately presenting his claims. Finally, Plaintiff Jacobs is encouraged to inquire himself whether Mr. Cubra, Mr. Donatelli, or any other attorney would represent him.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff Jacobs' Motion for Appointment of Counsel [Doc. 3] is **DENIED** at this time;

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**