# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**SHAUN JACOBS, BARRY HALLOWAY,**
**DANNY COATES, VERNARD MILES,**

    Plaintiffs,

v.                                                                                       No. 16-cv-0174-MCA/SMV

**SUSANA MARTINEZ, GREGG MARCANTEL,**
**and JERRY ROARK,**

    Defendants.

## ORDER TO CURE DEFICIENCIES

THIS MATTER is before the Court on Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* (IFP) Pursuant to 28 U.S.C. § 1915 ("Motion") [Doc. 2], filed on March 10, 2016. Plaintiffs Shaun Jacobs, Barry Holloway, Danny Coates, and Vernard Miles filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [Doc. 1] on behalf of themselves and also on behalf of "all prisoners who are presently, or will be, confined in the New Mexico Department of Corrections." *Id*. at 2.   Plaintiffs state that they are indigent and that "the class is so numerous that disclosure of all account statements is impossible to obtain." [Doc. 2]. For the reasons explained below, Plaintiffs will be ordered to cure the deficiencies in their Motion.

The Court notes that a complaint does not initiate a class action; rather, the class must be certified by the Court.   See Fed. R. Civ. P. 23.   Furthermore, "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others."   *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (affirming the dismissal of a class action lawsuit because a layperson cannot "fairly and adequately protect the interests of the class" under

Rule 23(a)(4)).   Therefore, unless the Court certifies a class action under Rule 23, this case will be treated as a multi-plaintiff civil rights action.[1]

The Court determines that Plaintiffs' Motion to Proceed IFP [Doc. 2] is deficient for the following reasons: (1) it was only signed by Plaintiff Jacobs; (2) it is missing an affidavit, (3) it is missing a certified copy of Plaintiff Jacobs' prisoner's inmate account statement for the six-month period immediately preceding this filing; (4) it is missing required financial information, and (5) it is not on a proper form.  **Each Plaintiff must qualify for IFP status individually**.   Thus, Plaintiffs Jacob, Halloway, Coates, and Miles must each file their own signed Motion to Proceed IFP, which includes a financial certificate and a certified copy of the individual Plaintiff's inmate account statement for the six-month period immediately preceding this filing.   The Court will not review the merits of Plaintiffs' civil rights complaint unless Plaintiffs comply with this order and the requirements of 28 U.S.C. § 1915.

**Failure to cure the designed deficiencies within thirty (30) days from the date of this order may result in dismissal of this action without further notice.**   Plaintiffs are advised that, with the exception of individual IFP motions, all subsequent pleadings or filings in this action **must be signed by all Plaintiffs**.   Additionally, all subsequent pleadings or filings must include the civil action number (No. 16-cv-0174 MCA/SMV) of this case.

---

[1] "The Prison Litigation Reform Act (PLRA) 'does not specify how fees are to be assessed when multiple prisoners constitute the plaintiffs or appellants.'"   *Woodruff v. Wyoming*, 49 F. App'x 199, 203 n.1 (10th Cir. 2002) (quoting *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997)) (unpublished).   The Tenth Circuit Court of Appeals has not yet decided "whether the PLRA permits multi-plaintiff actions or requires full payment of the filing fee from each inmate in the case of a jointly-filed" action.   *Id.*; *Compare Hubbard v. Haley*, 262 F.3d 1194, 1197–98 (11th Cir. 2001) (holding that "the PLRA requires that each prisoner proceeding IFP pay the full filing fee"), *with In re Prison Litigation Reform Act*, 105 F.3d at 1137–38 (holding that "each prisoner should be proportionally liable for any fees or costs that may be assessed").   The Court need not resolve this issue at this time.

**IT IS THEREFORE ORDERED** that Plaintiffs cure the deficiencies designated above within thirty (30) days from the date of this Order;

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to send to each named Plaintiff, together with a copy of this Order, two copies each of an Application to Proceed in District Court Without Prepaying Fees or Costs.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**