IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAUN JACOBS, BARRY HALLOWAY,
DANNY COATES, and VERNARD MILES,

    Plaintiffs,

v.                                                   No. 16-cv-0174 MCA/SMV

SUSANA MARTINEZ,
GREGG MARCANTEL, and JERRY ROARK

    Defendants.

**ORDER DENYING PLAINTIFFS' MOTION
FOR REFERRAL TO THE PRO BONO PANEL**

THIS MATTER is before the Court on Plaintiffs' Motion Requesting Voluntary Assistance of Counsel Pursuant to 28 U.S.C. § 1915(e)(1) [Doc. 8], filed on April 8, 2016.  The Court construes the motion as a request for referral to the Court's pro bono panel.  Plaintiffs are incarcerated and proceeding pro se in this 42 U.S.C. § 1983 action.  Plaintiffs allege myriad problems with the conditions of their confinement and hope to get class certification under Fed. R. Civ. P. 23.  [Doc. 1].  Plaintiffs allege that they were appointed counsel nearly forty years ago in a previous class action called *Duran v. King*, No. 77-cv-0721 KG/KK (D.N.M.).  [Doc. 8].

Plaintiffs allege that they have "no legal access to case law in any reasonable way."  *Id.* at 1.  Further, they allege that they copied most of their complaint from the complaint in *Duran* (the implication being that they are not able to represent themselves).  *Id.* at 1–2.  They argue that the issues in this case are mostly the same as in *Duran*, and because they were successful there, the issues here are meritorious.  *Id.*  Finally, they urge that the "issues" in this case are factual and meritorious.  *Id.* at 2.

The Court has already carefully considered whether to refer this case to the Court's pro bono panel (i.e., request the voluntary assistance of counsel). On March 30, 2016, the Court denied Plaintiff Jacobs' Motion for Appointment of Counsel. [Doc. 7]. At that time, the Court was not convinced that there was sufficient merit or complexity in Plaintiff Jacobs' claims to warrant requesting the voluntary assistance of counsel. Further, the Court found that Plaintiff Jacobs had been adequately presenting his claims. *Id.* Other than the fact that the current request is made on behalf of all four Plaintiffs, there is nothing new or substantially different to change the Court's ruling. *See* [Doc. 8].

The Court denies Plaintiffs' request for referral to the pro bono panel for the same reasons it denied Plaintiff Jacobs' Motion for Appointment of Counsel. *See id.* The Court remains unpersuaded that the underlying claims are sufficiently meritorious or complex to warrant requesting the voluntary assistance of counsel (i.e., referral to the pro bono panel).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiffs' Motion Requesting Voluntary Assistance of Counsel Pursuant to 28 U.S.C. § 1915(e)(1) [Doc. 8] is **DENIED** at this time.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**