## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BARRY HALLOWAY,[1]

    Plaintiffs,

  v.                                      No. CIV 16-00174-MCA-SMV

SUSANA MARTINEZ, *Governor*, GREGG
MARCANTEL, *Secretary of Corrections*,
JERRY ROARK, *Director of Corrections*,

    Defendants.

## ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. On April 18, 2016, the Court ordered Plaintiff Barry Halloway to file an individual motion to proceed *in forma pauperis* (IFP) and a certified copy of his inmate account statement for the six-month period immediately preceding the filing of his Prisoner's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. [Doc. 10] The Court notified Plaintiff Halloway that "[f]ailure to cure the designated deficiencies within thirty (30) days from the date of this order may result in dismissal of this action without further notice." [Doc. 10]

As of the present date, Plaintiff Halloway has not filed a motion to proceed IFP, a certified copy of his inmate account statement, or otherwise responded to the Court's Order to Cure Deficiencies. Because Plaintiff Halloway has failed to respond to the Court's order, despite being afforded ample time to do so, Plaintiff's claims will be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

---

[1] Plaintiffs Shaun Jacobs, Danny Coates, and Vernard Miles have voluntarily dismissed their claims against Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and, therefore, they are no longer parties to the present civil rights case. [*See* Docs. 9, 13, 14, 15, 16, 17]

All of the named Plaintiffs in this multi-plaintiff civil rights action have been dismissed, leaving only the class action claims.  *See* footnote 1, *supra*.  As the Court previously has noted, "a complaint does not initiate a class action; rather, the class must be certified by the Court.  *See* Fed. R. Civ. P. 23."  [Doc. 10]  Furthermore, "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others."  *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (affirming the dismissal of a class action lawsuit because a layperson cannot "fairly and adequately protect the interests of the class" under Fed. R. Civ. P. 23(a)(4)).  Additionally, "[t]o the extent that a complaint concerns 'inmates' rather than the plaintiff himself, it is dismissable for failure to allege the plaintiff's standing to proceed." *Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990).  Therefore, the claims on behalf of other inmates who are, or will be, in the custody of the New Mexico Department of Corrections will be dismissed.

There being no more claims before the Court, this civil rights action will be dismissed and judgment will be entered.

IT IS THEREFORE ORDERED that Plaintiff Halloway's claims against Defendants are DISMISSED without prejudice and Plaintiff Halloway is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the claims raised on behalf of other inmates who are, or will be, in the custody of the New Mexico Department of Corrections are DISMISSED; and judgment will be entered.

_____
CHIEF UNITED STATES DISTRICT JUDGE